**Affirmed as Modified and Opinion Filed May 2, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-16-00758-CR
No. 05-16-00759-CR

**RICKY WAYNE HANDY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F15-71808-T, F15-76320-T**

## MEMORANDUM OPINION

Before Justices Fillmore, Whitehill, and Boatright
Opinion by Justice Whitehill

Ricky Wayne Handy waived a jury, pleaded guilty to two robbery offenses, and pleaded true to one enhancement paragraph contained in each indictment. After finding appellant guilty and the enhancement paragraph true, the trial court assessed punishment at thirty years' imprisonment in each case. On appeal, appellant's attorney filed a brief in which she concludes the appeals are wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 811–12 (Tex. Crim. App. [Panel Op.] 1978). Counsel delivered a copy of the brief to appellant. We advised appellant of his right to file a pro se response, but he did not file a pro se

response.  *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (identifying duties of appellate courts and counsel in *Anders* cases).

We have reviewed the record and counsel's brief.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases).  We agree the appeals are frivolous and without merit.  We find nothing in the record that might arguably support the appeals.

Although not an arguable issue, we note the trial court's judgments incorrectly reflect appellant pleaded true to a second enhancement paragraph and the trial court found a second enhancement paragraph true.  The indictment in each case alleged two prior felony convictions.  However, the State moved to strike the second enhancement paragraph in each case and the trial court granted the motions.  Accordingly, on our own motion, we modify the section of each judgment entitled "plea to 2nd enhancement/habitual paragraph" and "findings on 2nd enhancement/habitual paragraph" to show "N/A."  *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Estrada v. State*, 334 S.W.3d 57, 63–64 (Tex. App.—Dallas 2009, no pet.).

As modified, we affirm the trial court's judgments.


/Bill Whitehill/
BILL WHITEHILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
160758F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RICKY WAYNE HANDY, Appellant

No. 05-16-00758-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F15-71808-T.
Opinion delivered by Justice Whitehill.
Justices Fillmore and Boatright participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to show:

The section entitled "Plea to 2nd Enhancement/Habitual Paragraph" is modified to show "N/A."

The section entitled "Findings on 2nd Enhancement/Habitual Paragraph" is modified to show "N/A."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered May 2, 2017.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RICKY WAYNE HANDY, Appellant

No. 05-16-00759-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F15-76320-T.
Opinion delivered by Justice Whitehill.
Justices Fillmore and Boatright participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to show:

The section entitled "Plea to 2nd Enhancement/Habitual Paragraph" is modified to show "N/A."

The section entitled "Findings on 2nd Enhancement/Habitual Paragraph" is modified to show "N/A."

As modified, we **AFFIRM** the trial court's judgment.


Judgment entered May 2, 2017.